# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **CYNTHIA FROST,** an individual, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  Case No.: _____ |
| **TROY DUTTON,** an individual, and **ASHTON HOME FURNITURE,** a corporation, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Cynthia Frost and for the relief hereinafter sought, respectfully shows unto this Honorable Court as follows:

## I.  PARTIES

1.  The Plaintiff, Cynthia Frost, is over the age of nineteen (19) years and a resident citizen of the State of Alabama.

2.  The Defendant, Troy Dutton, is over the age of nineteen (19) years and a resident citizen of the State of Georgia.

3.  The Defendant, Ashton Home Furniture, is a firm, partnership or corporation doing business in the State of Georgia.

1

## II.  JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interests and costs.  Plaintiff Cynthia Frost avers that she is a resident of the State of Alabama, Defendant Troy Dutton is a resident of the State of Georgia, and Defendant Ashton Home Furniture is a corporation doing business in the State of Georgia.

5. The United States District Court for the Northern District of Alabama is the proper venue for this civil action pursuant to 28 U.S.C. § 1391 as the acts and omissions giving rise to this civil action occurred within this judicial district.

## III.  FACTS

6. Plaintiff avers that on April 5, 2016, on a public highway, to-wit: US Highway 278 in Winston County, Alabama, the Defendant Troy Dutton negligently or wantonly permitted, allowed, or caused a motor vehicle to collide with the vehicle occupied by Cynthia Frost.

7. Defendant Troy Dutton, while acting at all times in the line and scope of his employment with Defendant Ashton Home Furniture, breached his duty by negligently, wantonly, recklessly or willfully causing or allowing his tractor-trailer

to collide with the vehicle operated by Plaintiff Cynthia Frost. Plaintiff avers that the Defendant engaged in conduct including but not limited to, the following:

    a.    Failing to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

    b.    Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

    c.    Failing to ensure that he had adequate maneuvering room to avoid colliding with the vehicle in the right lane of travel and other vehicles and obstructions in his path;

    d.    Driving at an unsafe rate of speed; and

    e.    Operating his tractor-trailer without adequate training, experience and qualification.

## IV.   CAUSES OF ACTION

### COUNT ONE
### NEGLIGENCE

Plaintiff re-adopts and re-alleges the preceding paragraphs as if fully set forth herein.

8.    At all times relevant hereto, Defendant Troy Dutton owed Cynthia Frost a duty to exercise ordinary or reasonable care in operating his motor vehicle upon public roadways.

9. As a direct or proximate consequence of the negligence or wantonness of the Defendant, the Plaintiff, Cynthia Frost, was caused to suffer the following injuries and damages:

    (a) she was caused to suffer physical pain and mental anguish;

    (b) she was caused to seek medical treatment and was prevented from going about her normal activities;

    (c) she was permanently injured;

    (d) she was caused to incur medical expenses to treat and cure her injuries;

    (e) she was caused to lose wages both past and future; and

    (f) she was caused to be injured and damaged, all to her detriment.

**WHEREFORE**, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined by a struck jury, plus costs.

## COUNT TWO
## GROSS NEGLIGENCE AND/OR WANTONNESS

10. Plaintiff re-adopts and re-alleges the preceding paragraphs as if fully set forth herein.

11. Defendant Troy Dutton knew or should have known that operating his motor vehicle in a manner contradictory to the understood rules of the road would cause an unsafe and unreasonably dangerous situation for himself and those around him, yet, despite such knowledge, Defendant Troy Dutton operated his motor vehicle in such a way that put others in danger, thereby demonstrating wanton and reckless disregard for the health, welfare and safety of Cynthia Frost.

12. Defendant's wantonness directly and proximately caused Cynthia Frost to suffer severe and permanent injuries and damages.

**WHEREFORE**, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined by a struck jury, plus costs.

## COUNT THREE
## NEGLIGENT/WANTON HIRING, TRAINING AND SUPERVISION

13. Plaintiff re-adopts and re-alleges the preceding paragraphs as if fully set forth herein.

14. Defendant Troy Dutton was working as an employee of Defendant Ashton Home Furniture at all times relevant to this Complaint.

15. Defendant Ashton Furniture hired Defendant Troy Dutton as an employee with actual knowledge that Defendant Troy Dutton would be responsible for operating a motor vehicle on Alabama's roadways within the line and scope of his employment.

16. Defendant Ashton Home Furniture knew at the time it hired Defendant Troy Dutton as an employee that ordinary care required that Defendant Ashton Home Furniture train and instruct its employees to observe and obey the traffic laws of the State of Alabama.

17. Upon information and belief, Defendant Ashton Home Furniture negligently or wantonly hired, trained, and supervised Defendant Troy Dutton in that it failed to ascertain whether Defendant Troy Dutton was a safe and skillful driver, failed to adequately train Defendant Troy Dutton in the safe operation of a motor vehicle and failed to properly supervise in his operation of a motor vehicle.

18. As a proximate result thereof, Plaintiff Cynthia Frost suffered the injuries and damages outlined in paragraph nine (9) of this Complaint.

**WHEREFORE**, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the

jurisdictional requirements of this Court, said amount to be determined by a struck jury, plus costs.

## COUNT FOUR
## RESPONDEAT SUPERIOR

19. The Plaintiff re-adopts and re-alleges the preceding paragraphs as if fully set forth herein.

20. On April 5, 2016, at the time of the occurrence forming the basis of Plaintiff's Complaint, Defendant Ashton Home Furniture was the principal and/or employer of Defendant Troy Dutton.

21. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Defendant Troy Dutton was acting as the agent, servant and/or employee of Defendant Ashton Home Furniture.

22. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Defendant Troy Dutton was acting within the line and scope of his employment with Defendant Ashton Home Furniture.

23. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Defendant Troy Dutton was operating a vehicle in the furtherance of the business purposes of Defendant Ashton Home Furniture.

24. As a result of the foregoing, Defendant Ashton Furniture is <u>*vicariously liable*</u> to Plaintiff Cynthia Frost for the negligent or wanton conduct of Defendant Troy Dutton that proximately caused Plaintiff's injuries.

**WHEREFORE**, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined by a struck jury, plus costs.

## V.     JURY DEMAND

25. Plaintiff demands a trial by struck jury.

**WHEREFORE**, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined by a struck jury, plus costs.

Dated: August 15, 2017.

*/s/ Kirby D. Farris*
Kirby D. Farris (ASB-2224-R78K)
**FARRIS, RILEY & PITT, L.L.P.**
505 20TH Street North,
Suite 1700
Birmingham, AL 35203
P: (205) 324-1212
kfarris@frplegal.com

                */s/ Jessica M. Zorn*
                Jessica M. Zorn (ASB-7200-Z21G)
                **FARRIS, RILEY & PITT, L.L.P.**
                505 20th St. N
                Suite 1700
                Birmingham, AL 35203
                P: (205) 324-1212
                jzorn@frplegal.com

**SERVE DEFENDANTS BY CERTIFIED MAIL:**

Troy Dutton
341 Trimble Hollow Rd. SE
Adairsville, GA 30103-4013

Ashton Home Furniture
1287 Curtis Parkway
Calhoun, GA 30701